**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MELISSA JOHNSON, Personal Representative  )
  of the Estate of the late Timothy Johnson,   )
                                        )
      Plaintiff,                    )
                                        )   Case No.: 1:25-cv-80
v.                                   )
                                        )
WESLEY SHIFFLETT, et al.,           )
                                        )
      Defendants.                )

**ANSWER TO AMENDED COMPLAINT**

COMES NOW Defendant, Wesley Shifflett ("Shifflett") by counsel, and advises that he hereby responds to the Amended Complaint filed herein, as follows:

**FIRST DEFENSE**

Shifflett, by counsel, responds to the individually numbered paragraphs and Counts set forth in the Amended Complaint as follows:

1.      In response to the allegations in this paragraph, Shifflett admits: (a) he was a police sergeant with Fairfax County; (b) Timothy Johnson ("Johnson") fled from Shifflett (and other officers) and continued to do so after being repeatedly advised that those giving chase were police officers and Johnson needed to stop; (c) the pursuit of Johnson was while Shifflett (and other officers) was lawfully acting within the course and scope of his employment as a sworn police officer, attempting to apprehend Johnson who was suspected of (and had engaged in) criminal activity; (d) Johnson was shot when he posed a threat of serious bodily injury or imminent death to the officers who were attempting to apprehend him; (e) Johnson is deceased; (f) Shifflett is no longer employed as a police officer by Fairfax County; and (g) Shifflett was criminally prosecuted, though he maintains that the prosecution was improper and maintains his innocence. Shifflett does

1

not contest jurisdiction or venue in this court. Otherwise, the allegations are denied.

2.    Shifflett lacks knowledge to respond to the allegations in this paragraph and demands that Plaintiff prove the same.

3.    In response to the allegations in this paragraph, Shifflett admits that he is a former Fairfax County police officer, who has been separated from employment by Fairfax County. Otherwise, the allegations are denied as pled.

4.    In response to the allegations in this paragraph, Shifflett admits that, to the best of his recollection, the following defendants were in his chain of command at the time of the incident giving rise to this litigation: Conner, Arnest, Bauer, Kinney, Grey, Kim, Blakeley and Davis. Otherwise, the allegations in this paragraph are denied either outright or as pled. Specifically, but without limitation, Shifflett denies that he had "repeated, reported and documented inappropriate recourse to his service weapon in the year preceding" Johnson's death. When officers of the Fairfax County Police Department ("FCPD") are involved in a use of force incident, those incidents are reviewed. Shifflett never was found to have violated the FCPD use of force policy during any review or to have engaged in "inappropriate recourse to his service weapon." These allegations are false. Shifflett also states that the assertion that he engaged in "notorious too-ready brandishing of his firearm at unarmed persons suspected – correctly or incorrectly – of non-violent offenses" is false.

5.    In response to the allegations in this paragraph, Shifflett admits that Johnson stole multiple items from the Nordstrom store in Tyson's Corner on February 22, 2023 and was engaged in other criminal activity, as well.

6.    In response to the allegations in this paragraph, Shifflett states he had reasonable suspicion to believe that Johnson had engaged in criminal activity at Tysons Corner Mall on

February 22, 2023. When Johnson fled from the mall, Shifflett and other officers gave chase while identifying themselves as police officers and directing Johnson to stop.

7.    In response to the allegations in this paragraph, Shifflett admits: (a) that he lawfully pursued Johnson after he had reasonable suspicion to believe that Johnson had committed a crime; (b) that it was dark, and Johnson refused to stop, resulting in the chase continuing into an area where there was underbrush and undeveloped land; and (c) that Johnson, while eluding police, tripped and fell. Shifflett states further that after Johnson tripped and fell, he quickly did a barrel roll, rose to his knees, stared threateningly at Shifflett and reached to his waistband, all which ignoring lawful commands. Otherwise, the allegations in this paragraph are denied either outright or as pled.

8.    In response to the allegations in this paragraph, Shifflett states that Johnson never obeyed any commands given by any law enforcement officer attempting to apprehend him on February 22, 2023. Johnson fell to the ground because he tripped.

9.    The allegations in this paragraph are denied as pled. Due to Johnson's failure to follow any police commands and threatening behavior, as outlined above, there was no time to "de-escalate" between the time that Johnson tripped and fell, reached to his waistline and was shot.

10.    In response to the allegations in this paragraph, Shifflett admits that Johnson was shot, wounded, transported for medical care and died.

11.    The allegations in this paragraph are denied as pled.

12.    In response to the allegations in this paragraph, Shifflett states that he reasonably and in good faith believed that Johnson had a gun and intended to shoot him before Shifflett shot his service weapon.

13.    In response to the allegations in this paragraph, Shifflett admits Johnson was

unknown to him prior to February 22, 2023. Otherwise, the allegations are denied outright, as pled or because they are incomplete and misleading as stated.

14. Shifflett denies the allegations in this paragraph outright or as pled. Shifflett also maintains his innocence as to any and all charges stemming from the incident involving Johnson on February 22, 2023.

15. The allegations in this paragraph are denied as pled.

16. In response to the allegations in this paragraph, Shifflett states that the cited General Order speaks for itself. Shifflett denies any allegations inconsistent therewith.

17. The allegations in this paragraph are denied.

18. The allegations in this paragraph are denied.

19. The allegations in this paragraph are denied.

20. The allegations in this paragraph are denied.

21. The allegations in this paragraph are denied.

22. The allegations in this paragraph are denied.

23. The allegations in this paragraph are denied.

24. The allegations in this paragraph pertain to other defendants and do not require a response by Shifflett.

21. [sic] The allegations in this paragraph pertain to other defendants and do not require a response by Shifflett.

25. The allegations in this paragraph are denied.

25. [sic] The allegations in this paragraph pertain to other defendants and do not require a response by Shifflett.

**SECOND DEFENSE**

26.     Shifflett asserts and relies upon the defenses of sovereign immunity, qualified immunity, justification, and reasonable and good faith belief that he was acting lawfully; acting with reasonable suspicion and/or probable cause; acting reasonable under the circumstances; and acting in defense of himself and others. Shifflett further relies upon any and all Constitutional and/or statutory or common law defenses as may be applicable under the facts and circumstances of this case, including any that may become known through discovery or through evidence presented at trial, without waiver, including self-defense, and contributory negligence and/or assumption of the risk by Johnson.

**THIRD DEFENSE**

27.     Shifflett denies that he at any time relevant hereto violated any state or federal law; denies that he violated any statutory or Constitutional right of Johnson; denies that Johnson and/or his beneficiaries, if any lawfully exist, were injured or damaged in the manner or to the extent alleged.

**FOURTH DEFENSE**

28.     Shifflett denies that the causes of action pled or the facts of this case support a claim for punitive damages.

**FIFTH DEFENSE**

29.     Shifflett denies that a claim for attorneys' fees is available or viable in this case.

**SIXTH DEFENSE**

30.     Shifflett denies any allegation in the Amended Complaint not specifically addressed above.

**SHIFFLETT DEMANDS TRIAL BY JURY.**

WHEREFORE, having answered, the defendant, Wesley Shifflett, by counsel, will at the

appropriate time move this Court to dismiss the Amended Complaint filed herein and award him

costs expended.

Respectfully submitted,

**WESLEY SHIFFLETT**
**By Counsel**

McGAVIN, BOYCE, BARDOT,
   THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbhjlaw.com
                /s/
_____
Heather K. Bardot, Esquire
VSB No. 37269
Counsel for Defendant, Shifflett

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Victor M. Glasberg, #16184
Abigail S. Grand, #100578 (admission pending) Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA    22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
agrand@robinhoodesq.com
Counsel for Plaintiff

Carl L. Crews, #42691
C. Lowell Crews, PLLC
2776 S. Arlington Mill Drive, #186
Arlington, VA 22206
703.542.4473 / Fax 703.997.8735
legal@attorneycarlcrews.com
Co-counsel for Plaintiff

ELIZABETH D. TEARE
COUNTY ATTORNEY
Kimberly P. Baucom, Esquire
Deputy County Attorney
Virginia State Bar No. 44419
Jamie M. Greenzweig, Esquire
Senior Assistant County Attorney
Virginia State Bar No. 75066
12000 Government Center Parkway
Suite 549
Fairfax, VA 22035-0064
(703) 324-2421
(703) 324-2665 fax
kimberly.baucom@fairfaxcounty.gov
jamie.greenzweig@fairfaxcounty.gov
Counsel for Michael Conner, William Arnest, Robert Bauer, Matthew Lane, Jonathan
Steier, Scott Colwell, Carolyn Kinney, Derek Grey, Wilson Lee, Tonny Kim, Robert
Blakeley, and Kevin Davis

        McGAVIN, BOYCE, BARDOT,
          THORSEN & KATZ, P.C.
        9990 Fairfax Boulevard, Suite 400
        Fairfax, Virginia 22030
        Telephone:    (703) 385-1000
        Facsimile:    (703) 385-1555
        hbardot@mbbhjlaw.com

        _____/s/_____
        Heather K. Bardot, Esquire
        VSB No. 37269
        Counsel for Defendant, Shifflett